IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-11-094 |
| ERIC JORDAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On October 12, 2012, Defendant Eric Jordan ("Defendant" or "Jordan") was sentenced to a mandatory period of incarceration of 864 months. (Judgment, ECF No. 185.) On December 7, 2021, this Court granted Jordan's Motion for Compassionate Release (ECF No. 271), which it construed as a Motion for Sentence Reduction, and reduced Jordan's sentence to 432 months. (Memorandum Order, ECF No. 301 *SEALED*.)  Now pending before this Court is Jordan's Motion to Reconsider. (ECF No. 304.) Jordan's submission has been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated below, Jordan's Motion to Reconsider (ECF No. 304) is DENIED.

The facts of this case were summarized by the United States Court of Appeals for the Fourth Circuit in its opinion affirming the denial of defendants' motion to suppress, *United States v. Graham*, 796 F.3d 332 (4th Cir. 2015), *aff'd en banc*, 824 F.3d 421 (4th Cir. 2016), and by this Court in its Memorandum Opinion of December 7, 2021 (ECF No. 301 *SEALED*). In his Motion to Reconsider, the Defendant argues that this Court should

further reduce his sentence to a total term of 20 years.[1] The Defendant argues that given his current age, he is still likely to die in prison, notwithstanding the fact that this Court reduced his original mandatory sentence by half. The Defendant also argues that the 18 U.S.C. § 3553(a) factors support a further reduction in sentence because the 432-month sentence is disproportionate to the sentence Jordan would receive today for the same conduct. Neither argument presents a reason for this Court to reconsider its prior ruling.

In applying the § 3553(a) factors, this Court considered the Defendant's personal history and characteristics, including his age, his extensive criminal history, and his rehabilitative efforts while in prison. (ECF No. 301 *SEALED* at 12.) This Court then concluded that the nature and circumstances of the Defendant's offenses were sufficiently serious as to counsel against further reduction. In addition, the Defendant's reduced sentence is the applicable mandatory minimum term of imprisonment. While this Court does have the authority in granting a motion for compassionate release to sentence a defendant below the mandatory minimum, *United States v. Braxton*, No. JKB-09-478, 2020 U.S. Dist. LEXIS 147379, at *16 (D. Md. Aug. 11, 2020), the circumstances of this case do not warrant such a sentence.

Lastly, the Defendant argues that if he were indicted for these offenses today, he would not have been charged with multiple counts under 18 U.S.C. § 924(c) because charging practices in this District have changed. This argument is unavailing. In *United States*

---

[1] The Defendant does not argue that this Court should reconsider its conclusion that the disparity between his original sentence and the sentence as it would be calculated today constitutes an "extraordinary and compelling" ground for relief. Instead, the Defendant's arguments in support of reconsideration go to this Court's application of the factors found at 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i).

*v. Donte Dingle*, a grand jury sitting in this District in February 2020 returned a superseding indictment charging the defendant with four separate § 924(c) counts in connection with a spree of robberies. Superseding Indictment, *United States v. Dingle*, DKC-19-204 (D. Md. Feb. 20. 2020), ECF No. 40. Accordingly, there is no reason for this Court to reconsider its prior ruling.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 24th day of January, 2022, that Defendant Eric Jordan's Motion to Reconsider (ECF No. 304) is DENIED.[2]

_____/s/_____
Richard D. Bennett
United States District Judge

---

[2] This Court notes that Defendant Jordan has a pending Motion to Vacate or Correct Illegal Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 246.) The parties are DIRECTED to file a status update within 30 days of the date of this Memorandum Order advising the Court as to the status of the various claims raised in the Motion and proposing a briefing schedule.